UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHAWN ABERCROMBIE,           )
                             )
    Plaintiff,                )
                             )
    v.                        )   CIVIL NO. 1:19cv503
                             )
JACK COOPER TRANSPORT         )
COMPANY, INC.,                )
                             )
    Defendant.                )

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the Defendant, Jack Cooper Transport Company, Inc. on June 4, 2020. Plaintiff, Shawn Abercrombie, has declined to file a response.

For the following reasons, the motion to dismiss will be granted.

Discussion

Plaintiff alleges claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). Plaintiff alleges he was employed by Defendant from on or about October 3, 2018 until his termination on or about March 19, 2019. Plaintiff filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 13, 2019.

On August 6, 2019, Jack Cooper Ventures, Inc., and all of its U.S. and Canadian direct and indirect subsidiaries, including Defendant, voluntarily filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. The bankruptcy cases have been jointly administered under Case No. 19-62393 (PWB).

With regard to his EEOC Charge of Discrimination, Plaintiff received his Dismissal and Notice of Suit Rights from the EEOC on September 16, 2019. Plaintiff filed the instant lawsuit on November 27, 2019.

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is proper when, as here, the moving party demonstrates that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take the complaint's well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). Yet, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544¸ 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, to avoid dismissal at the pleading stage, the complaint must contain factual allegations that "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

In support of its motion to dismiss, Defendant argues that Plaintiff's claims against Defendant were discharged in Defendant's bankruptcy. The undisputed facts show that Plaintiff's employment with Defendant was terminated prior to Defendant's August 2019 Petition for Bankruptcy. Plaintiff filed the instant lawsuit arising from his employment after the Petition for Bankruptcy was filed. Clearly, Plaintiff's claims were discharged in the bankruptcy, as further explained below, such that he fails to state a claim upon which any relief may be granted.

"Section 524 of the bankruptcy code operates as a post-discharge injunction against the collection of debts discharged in bankruptcy . . . .'" *In re Manzanares*, 345 B.R. 773, 781 (Bankr. S.D. Fla. 2006). Generally, employment discrimination claims may be discharged under the bankruptcy code. *See, e.g., Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 37 (1st Cir. 2009) (employment discrimination claims may be subject to discharge in Chapter 11 bankruptcy); *Boyle v. PMA Med. Specialists, LLC*, 754 F. App'x 93, 96 (3d Cir. 2019) (unpublished) (confirmation of reorganization plan permanently enjoined plaintiff from pursuing discrimination claims against company); *Kresmery v. Serv. Am. Corp.*, 227 B.R. 10, 14 (D. Conn. 1998) ("under the plain language of the Section 1141(d) of the bankruptcy code and the confirmed plan, the defendant's liability for employment discrimination against plaintiff based on its preconfirmation has been discharged").

It is undisputed that Plaintiff's claims for race discrimination and retaliation arise entirely out of events that occurred prior to Defendant's filing its Chapter 11 bankruptcy petition in August 2019, as Plaintiff was employed by Defendant only from October 2018 to March 2019. (D.E. 1,at ¶ 4). Plaintiff, however, did not file the instant lawsuit until after Defendant filed its Chapter 11 bankruptcy petition in August 2019.  It is clear that given the principles set forth in *Manzanares, Rederford, et al.* above, Plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief. Even accepting as true all of the allegations contained in Plaintiff's Complaint, Plaintiff's claims were discharged in bankruptcy. *Twombly*, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1949. Thus, in the absence of an exception to discharge, Plaintiff's claims must be dismissed in their entirety.  Plaintiff has not invoked any such exception, and apparently agrees that his case must be dismissed, as he has declined to file a response to the motion to

dismiss.

## Conclusion

On the basis of the foregoing, Defendant's motion to dismiss [DE 14] is hereby GRANTED.

Entered: July 8, 2020.

                                                                                             s/ William C. Lee  
                                                                                             William C. Lee, Judge  
                                                                                             United States District Court