UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHAWN ABERCROMBIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:19cv503 |
| | ) |
| JACK COOPER TRANSPORT CO., INC., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Defendant's Rule 59 Motion to Alter or Amend the Judgment", filed on August 5, 2020. Plaintiff has not filed an objection to the motion.

On June 4, 2020, Defendant filed a motion to dismiss. In this motion Defendant asserted that (a) Plaintiff alleged claims for employment discrimination arising out of his employment with Defendant from October 2018 to March 2019; (b) Defendant filed a Chapter 11 bankruptcy petition in August 2019, and Plaintiff did not file the instant lawsuit until late November 2019; and (c) Plaintiff's claims against Defendant were therefore discharged as a result of the bankruptcy, such that Plaintiff's Complaint failed to state a viable claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). [D.E. 14].

Plaintiff did not file a response to Defendant's Motion to Dismiss. On July 8, 2020, the Court granted Defendant's Motion to Dismiss, finding that "Plaintiff's claims were discharged in the bankruptcy." [D.E. 15]. The Court entered judgment in favor of Defendant. [D.E. 16].

Defendant has now filed a Motion to Alter or Amend the Judgment to correct an erroneous statement in Defendant's Motion to Dismiss, namely, that Plaintiff's claims were discharged as a result of the bankruptcy, when in fact they were invalid and/or voidable as a

result of the bankruptcy.

"The Court may grant a motion under Rule 59(e) … if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Wright v. Lake Cty. Sheriff's Dep't*, 2006 WL 3842178, at *2 (N.D. Ind. Dec. 29, 2006) (citing *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir.2006)). As stated in Defendant's Motion to Dismiss, on August 6, 2019, Jack Cooper Ventures, Inc., and all of its U.S. and Canadian direct and indirect subsidiaries, including Defendant, voluntarily filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. The Bankruptcy Court approved the sale by auction of all of the aforementioned debtors' assets (including Defendant's) in an order dated September 3, 2019, and the sale closed on November 4, 2019, with an effective closing date of November 2, 2019. After the sale, Defendant had no assets, and the Chapter 11 cases were subsequently dismissed.

Pursuant to Section 1141(d)(3) of the Bankruptcy Code, a corporate debtor in a Chapter 11 case may not receive a discharge of debts, only an individual may. 11 U.S.C. § 1141(d)(3). However, as Defendant now explains, Plaintiff's lawsuit was nevertheless filed in violation of the stay, such that it is voidable or invalid. *See In re Richardson*, 497 B.R. 546, 555–56 (Bankr. S.D. Ind. 2013). Defendant further explains that, although Defendant's Motion to Dismiss characterized Plaintiff's claims as being discharged as a result of the bankruptcy, when in fact they were invalid and/or voidable as a result of the bankruptcy, this erroneous statement had no real impact on the ultimate outcome of the lawsuit, and dismissal was nevertheless appropriate.

Clearly, Defendant's motion is improper. The Judgment in this case [DE 16] merely recites that "This case is DISMISSED", and that "This action was decided by Judge William C.

Lee on a Motion to Dismiss by Defendant".   Defendant has not pointed to any error of fact or law in the Judgment. Therefore, Defendant's motion to alter or amend the judgment is hereby DENIED AS MOOT.

    SO ORDERED.

Entered: August 25, 2020

                                              s/ William C.  Lee
                                              William C. Lee, Judge
                                              United States District Court